UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENRIQUE TORRES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UTILITY TREE SERVICE, INC., <br><br> Defendant. | Case No.  16-cv-03424-BLF <br><br> **ORDER GRANTING MOTION TO REMAND** |

Before the Court is Plaintiffs' motion to remand on the ground that Defendant, Utility Tree Service, Inc.'s removal is untimely. Mot. 2, ECF 12-1. For reasons stated below, the Court GRANTS Plaintiffs' motion.

**I.  BACKGROUND**

On September 30, 2015, Plaintiffs Enrique Torres and Ruben Hermosillo filed a complaint on behalf of themselves and others similarly situated in the Superior Court of the State of California, alleging that Defendant, Utility Tree Service, Inc. violated California wage and hour laws, among other claims. Compl., ECF 1-1. Plaintiffs later filed an amended complaint on November 12, 2015. On January 26, 2016, the state trial court continued a case management conference to allow Defendant to conduct limited discovery regarding removability. Opp'n 3, ECF 13. Defendant then served Plaintiffs Torres and Hermosillo various discovery requests on February 3, 2016. *Id.* On March 23, 2016, Plaintiffs requested an extension of time to respond to the discovery requests but having received no agreement from Defendant, they served unverified responses on the same day. Ex. 7 to Thomas Decl. in support of Notice of Removal ("Thomas Decl. I"), ECF 2-2. Later, on two separate occasions, Defendant demanded Plaintiffs produce verified responses. Exs. 2, 3 to Thomas Decl. in support of Opp'n ("Thomas Decl. II"), ECF 14.

Finally, on April 19, 2016, Plaintiffs' counsel noted that Plaintiff Torres' verifications will be provided shortly but Plaintiff Hermosillo was traveling. Ex. 4 to Thomas Decl. II. On May 18, 2016, Plaintiff Torres provided his verifications but to date, Plaintiff Hermosillo has not provided verifications for his responses. Thomas Decl. II, ¶ 13; Ex. 8 to Thomas Decl. I.

On June 17, 2016, Defendant filed its notice of removal, within 30 days of receiving Plaintiff Torres' verification on May 18, 2016. Notice of Removal, ECF 1. According to Defendant, the notice of removal was filed pursuant to 28 U.S.C. sections 1332(d) (the Class Action Fairness Act ("CAFA")), 1441, 1446, and 1453 on the grounds that: (1) Plaintiffs Enrique Torres and Ruben S. Hermosillo are "citizen[s] of a State different from any defendant," (2) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100 members and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* In the notice of removal, Defendant also states that "Plaintiff Torres' Verified Responses to Defendant's Special Interrogatory Request Set One provides sufficient information to determine the amount in controversy." *Id.* ¶ 18; Opp'n 1. Plaintiffs now move to remand, arguing that Defendant's removal was untimely.

Having carefully considered the submitted papers, the Court GRANTS Plaintiffs' motion and remands this action to state court for the reasons discussed below.

## II. LEGAL STANDARD

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to CAFA, federal courts have original jurisdiction over state law actions where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, the number of members of all proposed plaintiff classes in the aggregate is more than 100, and in this case, where any member of a class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d). Courts strictly construe the removal statute against removal jurisdiction. *E.g.*, *Provicial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir.2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533

2

1  F.3d at 1034 (citation omitted); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241,

2  1244 (9th Cir.2009) ("[A]ny doubt about the right of removal requires resolution in favor of

3  remand.").

4  28 U.S.C. section 1446(b) imposes two separate 30-day time limits on defendants wishing

5  to remove cases to federal court. The first 30-day limit requires that a defendant remove within 30

6  days after receiving a complaint that is removable on its face. *Id.* § 1446(b)(1). Alternatively, if

7  the complaint is not removable on its face, the second 30-day limit requires that a defendant

8  remove within 30 days after receiving "an amended pleading, motion, order or other paper from

9  which it may first be ascertained that the case is one which is or has become removable." *Id.* §

10 1446(b)(3); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

11 The term "other paper" generally encompasses any documents in the proceeding's state

12 court record, but can also extend to unfiled depositions and responses to interrogatories. *See* 28

13 U.S.C. § 1446(c)(3)(A) ("[I]nformation relating to the amount in controversy in the record of the

14 State proceeding, or in responses to discovery, shall be treated as an 'other paper' under

15 subsection (b)(3)."); *Mix v. Allstate Ins. Co.*, 2000 WL 1449880, at *2 (C.D. Cal. April 19, 2000)

16 (finding that a "statement of damages" served on defendant by plaintiff constituted "other paper");

17 *Riggs v. Continental Baking Co.*, 678 F. Supp. 236, 238 (N.D. Cal. 1988) (finding that plaintiff's

18 deposition constituted "other paper"); *Olonzo v. Wells Fargo Bank, NA*, 2010 WL 330245, at *3

19 (C.D. Cal. Jan.21, 2010) (finding that a "case management statement" constituted "other paper").

20 **III. DISCUSSION**

21 The issue in this case is whether Defendant was put on notice of the grounds for removal

22 by receipt of an unverified discovery response. If so, it is undisputed that Defendant's removal

23 was untimely. According to Plaintiffs, Defendant received Plaintiff Torres' unverified

24 interrogatory responses on March 23, 2016 so Defendant was required to remove by April 22,

25 2016. Mot. 4. In support of this argument, Plaintiffs assert that federal law provides that

26 unverified documents, such as a settlement letter, are "other papers" under 28 U.S.C. section

27 1446(c)(3)(A) that can constitute a basis for removal. Mot. 5-6 (citing *Babasa v. LensCrafters,*

28 *Inc.*, 498 F.3d 972, 975 (9th Cir. 2007)). Even if unverified discovery responses are not

3

1  admissible evidence, Plaintiffs argue that they can have validity in certain contexts, such as a prior
2  inconsistent statement for impeachment, or for other "non-discovery" purposes. Mot. 7; Reply 2-3
3  (citing *McDaneil v. GEICO Gen. Ins. Co.*, 55 F. Supp.3d 1244, 1260 (E.D. Cal. 2014)).
4  Regardless, Plaintiffs contend that federal law, and not California law, governs whether the
5  unverified response can be a basis for removal. *Id.* at 5, 7; Reply 2-3.

6        In opposing this motion, Defendant argues that Plaintiffs' unverified responses cannot
7  trigger the clock for time to file a notice of removal. Opp'n 7. Specifically, Defendant contends
8  that the time limit "is triggered only when the information supporting removal is unequivocally
9  clear and certain." *Id.* at 5-6 (citing *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089-90 (C.D.
10 Cal. 2005)). Defendant asserts that both California Code of Civil Procedure and Federal Rules of
11 Civil Procedure require that answers to interrogatories be answered "under oath" and signed by the
12 answering party. Opp'n 6. As such, Defendant contends that unverified responses lack
13 evidentiary value for the purpose of removal. *Id.* Defendant further claims that Plaintiffs' counsel
14 implied that Plaintiff Hermosillo had not reviewed the interrogatory responses. *Id.* at 7.

15       The Court finds the cases relied upon by Plaintiffs persuasive and that Plaintiff Torres'
16 unverified interrogatory responses can trigger the clock for removal. In making this determination
17 the Court relies on the holding in *Babasa v. LensCrafters, Inc.*, 498 F.3d 972 (9th Cir. 2007). In
18 affirming the order remanding the case to state court, the Ninth Circuit in *Babasa* held that a letter
19 sent in preparation for mediation constituted a valid basis for removal even if the letter was
20 privileged under California law. *Id.* at 974. In reaching this holding, the Ninth Circuit noted that
21 the law governing California mediation privilege does not preclude a determination that the letter
22 constituted section 1446(b) notice for purposes of removal to federal court. *Id.* at 974-75. As
23 such, the Ninth Circuit concluded that the filing of notice of removal was untimely, as it was over
24 thirty days after the defendant could have "ascertained that the case was removable." *Id.* at 975
25 (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002)).

26       Similarly here, while the Court acknowledges that civil procedural rules require the
27 responses be verified or made "under oath," such rules do not preclude finding that an unverified
28 discovery response can serve as a proper section 1446(b) notice for purposes of removal.

4

1    Defendant attempts to distinguish *Babasa* in that *Babasa* concerned a settlement letter and the
2    civil procedural rules impose no verification requirement on counsel making a representation in a
3    settlement offer, unlike in the interrogatory responses here. Opp'n 8. However, the Court finds
4    that this is a distinction without a difference. *Babasa* notes that even if the settlement letter were
5    to be inadmissible due to California mediation privilege, that would not control what constituted
6    section 1446(b) notice for purposes of removal to federal court. 498 F.3d at 974-75. Rather, the
7    focus of the inquiry is on whether a defendant "could have ascertained that the case was
8    removable" and thus was on notice. *Id.* at 475. Here, in its notice of removal, Defendant cites to
9    Plaintiff Torres' unverified responses served on March 23, 2016 as the basis for the amount of
10   controversy supporting the removal of this case. Notice of Removal ¶¶ 15, 42; Ex. 7 to Thomas
11   Decl. I. Defendant does not dispute that the content of the unverified responses was unclear, but
12   only that the absence of verification made it supposedly unreliable. The Court notes that Plaintiff
13   Torres' verification, served on May 18, 2016, consisted of only a verification without any changes
14   to the responses served on March 23, 2016. Ex. 8 to Thomas Decl. I; *see also McDaniel*, 55 F.
15   Supp. 3d at 1260 (in a case concerning whether a settlement deadline has run, noting that the
16   verification "conveys no substantive information" and that "[b]ecause an unverified interrogatory
17   can serve a 'non-discovery' purpose, . . . it is unknown why the unsworn responses could not have
18   started the settlement clock"). Accordingly, Defendant could have ascertained that the case was
19   removable based on Plaintiff Torres' unverified responses, just as the *Babasa* defendant could
20   have done based on the settlement letter.

21   The cases relied upon by Defendant have limited applications here and do not militate a
22   contrary finding. In *Melendrez v. Superior Court*, the court was trying to determine whether to
23   deem admitted unverified responses to requests for admissions and to determine who had the
24   authority to verify the responses. 215 Cal. App. 4th 1343, 1348, 1351-54 (2013). The proposition
25   noted by the *Melendrez* court that "an unverified response is tantamount to no response at all" was
26   in reference to whether the responses could be admissible at trial and was not related to section
27   1446(b) notice for purposes of removal to federal court. *Id.* at 1348.
28   The facts of *Mattel, Inc. v. Bryant* are not analogous to this case, either. 441 F. Supp. 2d at

1086-87. In *Mattel*, the plaintiff, Mattel, argued that the defendant should have removed after receiving in a document production a Wall Street Journal article suggesting that the defendant had copied Mattel's intellectual property relating to the "Bratz" dolls, a right that was not asserted in the complaint at the time. *Id.* at 1086. Because the right to the "Bratz" dolls was worth more than $75,000, satisfying the amount in controversy, Mattel contended that the defendant was on notice of the basis for removal. *Id.* at 1090. In rejecting Mattel's argument, the court found that the Wall Street Journal article provided no notice that Mattel would assert in litigation that the defendant stole the Bratz idea from Mattel. *Id.* Accordingly, the court held that the time limit under section 1446(b) "is triggered only when the information supporting removal is unequivocally clear and certain." *Id.* This is not the case here with Plaintiff Torres' unverified responses. Defendant argues that the interrogatory responses are not reliable, and that it is likely that Plaintiffs had not seen the responses prepared by their counsel, but this argument is not persuasive. Opp'n 7. As noted above, the responses are clear, and in fact, constitute the information relied upon by Defendant to support the amount of controversy. Ex. 7 to Thomas Decl. I. Moreover, evidentiary rules do not control what constitutes section 1446(b) notice for purposes of removal to federal court. *Babasa*, 498 F.3d at 974-75. The absence of verification also did not make the responses equivocal like the Wall Street Journal article in *Mattel* for the purposes of removal.

Similarly, the other cases cited by Defendant do not compel a different conclusion. *E.g.*, *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005) (finding that diversity of citizenship was not apparent in the initial pleading and concluding "that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry"); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (finding that the initial pleading did not provide enough information to determine whether the alleged conduct was wholly related to a federal officer and noting that the "clock begins to run is when the defendant is able to 'intelligently ascertain removability'") (citations omitted).

Based on the weight of authority, the Court finds that the 30-day time limit started when Plaintiff Torres' unverified responses were served on March 23, 2016, and that Defendant did not

timely remove this case.

IV. **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The motion to remand is GRANTED.
2. The Clerk shall REMAND this case to Santa Clara County Superior Court. All other matters are TERMINATED and VACATED, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: January 3, 2017

_____
BETH LABSON FREEMAN
United States District Judge

7